UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:09-cr-00011-GFVT-MAS-1 |
| MICHAEL WAYNE HENDERSON, ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

The Court, on referral from the District Court, reviews reported violations of supervised release conditions by Defendant Michael Wayne Henderson ("Henderson"). Upon consideration of the violation report and the parties' proffers at the hearing, the Court recommends the District Court revoke Henderson's supervised release. If the District Court agrees with this recommendation, the Court will schedule a second hearing for the purposes of recommending a sentence.

**I.   CASE BACKGROUND**

On June 1, 2010, United States Senior District Judge Joseph M. Hood sentenced Henderson to a 120-month term of imprisonment followed by a lifetime term of supervised release upon a jury finding him guilty of a violation of 18 U.S.C. § 2250(a), failure to register as a sex offender. [DE 43].

**II.   SUPERVISED RELEASE HISTORY**

Henderson's original term of supervision began on August 30, 2019. Henderson's first violation was approximately a year and a half later, when he was cited for failure to register as a

sex offender and failing to notify the probation office at least ten days prior to a change in his residence. Judge Hood revoked Henderson's supervision and sentenced him to 21 months' imprisonment followed by lifetime supervision. [DE 74]. Henderson was released on September 3, 2021, to begin his second term of supervision. The United States Probation Office (USPO) issued another violation report on September 23, 2021, for failure to report to the probation office and failure to report contact with law enforcement. An addendum dated January 19, 2022, added a violation for the commission of a state crime (specifically, obstruction of justice in Indiana). After a competency study, Judge Hood revoked his supervised released and sentenced Henderson to six months' imprisonment, suspended once USPO found an appropriate home placement, and again imposed lifetime supervision. [DE 106].

Henderson was not released to begin a new term of supervision after this most recent revocation proceeding and term of imprisonment because he was indicted on new charges in EDKY Case No. 3:22-CR-00014-GFVT, in which he was ordered detained. In that case, Henderson was charged with violating 18 U.S.C. § 2250(a), failing to register as a sex offender. [*United States v. Henderson*, case no. 3:22-CR-00014-GFVT, DE 1, 7]. A jury found Henderson guilty of the sole count of the Indictment. [DE 38]. On September 19, 2023, District Judge Van Tatenhove sentenced Henderson to 84 months' imprisonment with lifetime supervised release to follow. [DE 47 and 49]. The instant violation, based on the indictment and conviction in case no. 3:22-CR-00014-GFVT, followed.

### III. PROCEDURAL HISTORY

The undersigned conducted an initial appearance on the alleged violation on September 27, 2023. [DE 117]. After a preliminary hearing, the Court found probable cause to believe Henderson violated the terms and conditions of his supervised release based on the conviction in

case no. 3:22-CR-00014-GFVT. Henderson did not request release, as he was already in custody pursuant to the sentence in the Indictment case.

The Court held a final hearing on October 10, 2023. [DE 118]. Henderson contested his violation at the hearing. The burden was on the United States to prove the violation by a preponderance of the evidence that Henderson violated the terms of his supervision. The United States introduced the Indictment, Jury Verdict, and Judgment from case no. 3:22-CR-00014-GFVT as preponderant proof of the violation. The United States proffered the factual background that led to the instant conduct, including Henderson's 2002 original sex offense conviction, and is detailed *supra*.

Henderson acknowledged that the conviction occurred and had not been appealed, and therefore he had no justification for denying the validity of the conviction.

## IV.  CONCLUSION

For the reasons outlined above, the Court finds the United States established by a preponderance of the evidence that Henderson committed the federal offense of failure to register as a sex offender, which was a violation of his supervised release.

The Court **RECOMMENDS** that Henderson be found guilty of this violation. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Should Judge Van Tatenhove adjudge Henderson guilty of the violation, the matter will be placed back on the Court's docket for a hearing on the appropriate sentence.

Entered this 9th day of November, 2023.

*[signature]*

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY