UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 3:09-cr-00011-GFVT-MAS-1 |
| v. | ) ) ) | **ORDER** |
| MICAHEL WAYNE HENDERSON, | ) ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 120.] In 2010, District Judge Jospeh Hood sentenced Defendant Michael Henderson to 120 months of imprisonment followed by a lifetime term of supervised release after a jury found him guilty of a violation 18 U.S.C. § 2250(a) failure to register as a sex offender. *Id*. at 1. After being released and again failing to register as a sex offender, a violation of his supervised release conditions, Mr. Henderson was imprisoned for 21 months. *Id*. at 2. Following his release from that term of imprisonment, Mr. Henderson was yet again detained and imprisoned for violating his conditions of supervised release for—again— failing to register as a sex offender. *Id*. Rather than being released to begin a new term of supervision, however, Mr. Henderson was indicted on new charges in EDKY Case No. 3:22-CR-00014-GFVT. *Id*. The crime? Violating 18 U.S.C. § 2250(a), failure to register as a sex offender. A jury found Mr. Henderson guilty of the transgression, and this Court sentenced Mr. Henderson to 84 months' imprisonment. *Id*.

That indictment and conviction in and of itself constitutes a violation of Mr. Henderson's conditions of supervised release in the present case, EDKY Case No. 3:09-cr-00011. Judge Stinnett issued a Report and Recommendation in which he determined that the United States had established by a preponderance of the evidence that Mr. Henderson committed the federal offense of failing to register as a sex offender, which constituted a violation of his conditions of supervised release. *Id.* Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 10; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed, and no one has objected to the Report and Recommendation. Moreover, Mr. Henderson appeared before this Court to allocute, but exercised his right of abstention. [R. 124.] The Court heard argument on the charged violation and Mr. Henderson's counsel communicated Mr. Henderson's continued refusal to stipulate the supervised release violation. *Id.* The Court took the matter under advisement. *Id.*

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 120]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Henderson is found **GUILTY** of the Violations as charged by the United States Probation Office; and

3. This matter is **REFERRED** to Magistrate Judge Matthew Stinnett to prepare a Report and Recommendation regarding the imposition of a sentence for Mr. Henderson's violation of supervised release conditions.

This the 3rd day of May 2024.

Gregory F. Van Tatenhove
United States District Judge