UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 3:09-cr-00011-GFVT-MAS-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL WAYNE HENDERSON, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 128.] In 2010, District Judge Jospeh Hood sentenced Defendant Michael Henderson to 120 months of imprisonment followed by a lifetime term of supervised release after a jury found him guilty of a violation 18 U.S.C. § 2250(a) failure to register as a sex offender. *Id*. at 1. After being released and again failing to register as a sex offender, a violation of his supervised release conditions, Mr. Henderson was imprisoned for 21 months. *Id*. at 2. Following his release from that term of imprisonment, Mr. Henderson was yet again detained and imprisoned for violating his conditions of supervised release for—again—failing to register as a sex offender. *Id*. Rather than being released to begin a new term of supervision, however, Mr. Henderson was indicted on new charges in EDKY Case No. 3:22-CR-00014-GFVT. *Id*. The crime? Violating 18 U.S.C. § 2250(a), failure to register as a sex offender. A jury found Mr. Henderson guilty of the transgression, and this Court sentenced Mr. Henderson to 84 months' imprisonment. *Id*.

That indictment and conviction in and of itself constituted a violation of Mr. Henderson's conditions of supervised release in the present case, EDKY Case No. 3:09-cr-00011. Judge Stinnett issued a Report and Recommendation in which he determined that the United States had established by a preponderance of the evidence that Mr. Henderson committed the federal offense of failing to register as a sex offender, which constituted a violation of his conditions of supervised release. [R. 120.] Following an allocution hearing, [R. 124], this Court issued an order, [R. 125], adopting Judge Stinnett's Recommendation and finding Mr. Henderson guilty of the supervised release violation.

Judge Stinnett has since prepared the instant Report and Recommendation recommending Mr. Henderson be sentenced to 24 months imprisonment for his supervised release violation. [R. 128.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 10; *see* 28 U.S.C. § 636(b)(1). Mr. Henderson made generalized objections to Judge Stinnett's Recommendation and exercised his right to allocution before this Court. [R. 130.] At his allocution hearing, [R. 136], Mr. Henderson repeated his insistence that he did nothing wrong.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). In order to receive *de novo* review by this Court, however, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to

2

identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). Mr. Henderson identified no specific objections to Judge Stinnett's Recommendation. [R. 130.]

While *de novo* review is therefore not required, the Court has examined the record and agrees with Judge Stinnett's recommended sentence. Mr. Henderson has a significant background of offenses and has been repeatedly convicted of failing to register as a sex offender. Nevertheless, he maintains he has done nothing wrong and refuses to acknowledge that his failure to register as a sex offender is a crime. The Court has serious concerns that Mr. Henderson has no intention of complying with the law when released.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 128]** is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Henderson's current term of supervised release is **REVOKED**; and

3. Defendant Henderson is **SENTENCED** to a term of incarceration of twenty-four (24) months with **lifetime** supervision reimposed.

This the 11th day of December 2024.

Gregory F. Van Tatenhove
United States District Judge